José Salvá, Plaintiff and Appellee, *v*. Leandro Frontado, Defendant and Appellant.

No. 4619.   Argued December 6, 1929.—Decided January 20, 1931.

*Adrián Agosto* for appellant.   *José Martínez Dávila* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

José Salvá contracted to build in the ward of Santurce of this city four concrete houses and a garage for Leandro Frontado, for the sum of $12,500. In the contract, which was reduced to writing, Frontado bound himself to pay to the contractor $200 weekly and in addition $1,000 at the end of each month. In the course of the construction, work was stopped several times and differences arose between the

parties which led to the present action, brought by the contractor against Frontado. The complaint alleged that alterations had been made in the plan of the houses which increased the estimates, that the defendant had failed to comply with the terms of the contract regarding the monthly deliveries of cash which he bound himself to make to the contractor for the purchase of materials, and that on March 7, 1925, Frontado dismissed the contractor without any cause or reason and took over the construction, which he continued, when the value of the work done amounted to $8,954.46 and plaintiff had only received the sum of $7,158 on account. Based on these allegations, he prayed that the defendant be adjudged to pay to him the sum of $1,796.46 as the balance due him on the work, and $2,000 as damages.

After a trial the lower court found against the defendant, who was adjudged to pay to the plaintiff the sum of $1,350 and costs, excluding attorney's fees, on the ground that the defendant had dismissed the contractor and taken possession of the work without justifiable cause, and that the said sum was the reasonable value of the industrial gain accruing to the plaintiff on the said work. The defendant took the present appeal from that judgment.

The first ground assigned in support of a reversal of the judgment is that the lower court erred in holding that the appellant was to blame for the rescission of the contract, and thereby declaring the preponderance of the evidence to be in favor of the plaintiff.

The written contract between the parties does not contain any stipulation binding the contractor to furnish bond to answer for any sums delivered to him for the work, yet, on March 6, 1925, Frontado, by a notarial act, made a demand on Salvá and served notice upon him that he was willing to deposit in a bank the balance of the sum agreed upon between them, provided Salvá gave a bond for the performance of the contract, otherwise to consider the con-

tract as rescinded, leaving Frontado at liberty to continue the work. The answer of Salvá to that demand was that he would consult his attorney and, on the following day, Frontado took over the work and continued it.

The facts above stated show that the lower court did not err, as alleged by the appellant, since it not having been agreed between the parties that it was the duty of the contractor to furnish bond to secure the money to be delivered to him for the work, his refusal or failure to agree to the furnishing of the bond demanded did not entitle Frontado to rescind the contract in question nor to take over the work, thus depriving the contractor of his profits thereon. The appellant had no right to change at will the terms and conditions of his contract with the appellee, imposing on the latter obligations not agreed upon. That the only reason for the rescission was the refusal of the contractor to furnish the bond asked of him appears from the statements set forth by the appellee in the said notarial act of demand and from the fact that, according to appellee's expert, the value at that time of the work executed was approximately 40 or 50 per cent of $12,500, the total amount of the contract. About one-half of that sum had been paid, because although the defendant had only proved the delivery of $6,210, the plaintiff admitted in this complaint having received $7,158.

As regards the other ground of appeal, namely, that error was committed in fixing the amount of the profit which the contractor had failed to receive because, according to the evidence, he would not have made any profit had he completed the work, suffice it to say that it was shown that the estimated profit on that kind of work is from 10 to 15 per cent of the value thereof; and from the fact that, as we have stated before, the sum received by the contractor was more or less the same amount which he had put into the work, it can not be contended that he would not have made any profit at the termination of the work, or that, in

the absence of any stipulation in the contract fixing a per-centage as profit, he is not entitled to the sum awarded him, since it must be supposed that contractors include in the price stipulated for their work a certain percentage as profit, except where, owing to special circumstances, the contractor may be willing to do the construction work gratuitously, which is not the case here. In *Nones* v. *Ponce School Board,* 25 P.R.R. 17, where the work had been executed for a specified amount, the contractor was allowed a percentage as profits which he had failed to receive.

The judgment appealed from must be affirmed.